## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-413-G |
| | ) |
| ANDRE TERRELL ANDERSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Now before the Court is a Motion in Limine (Doc. No. 72) filed by the Government. Defendant Andre Terell Anderson, proceeding pro se with attorney Lance Phillips as stand-by counsel, did not respond within the time allowed by local rule or sua sponte extended by the Court.[1] At the pretrial conference held on June 5, 2024, the Court inquired as to whether Defendant intended to object or respond to the instant Motion. Defendant chose not to answer the Court's questions and remained silent.[2]

I. *Background*

Defendant stands charged in a four-count indictment with (1) interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); (2) using, carrying, and

---

[1] Upon examining and accepting Defendant's choice to waive his right to representation of counsel and proceed pro se, the Court directed that Defendant could respond to the Government's Motion by submitting a written response to the Court at the June 5, 2024 pretrial conference. Defendant did not submit a response.

[2] Since the June 5, 2024 pretrial conference, Defendant has filed multiple notices with the Court. *See* Doc. Nos. 82, 83, 84, 87, 88. None of the notices are responsive to the Government's Motion, however. The Court will address Defendant's recent filings by separate order.

brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (ii); (3) interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); and (4) using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (ii). *See* Indictment (Doc. No. 5) at 1-3. Trial in this matter is set to commence on Tuesday, June 11, 2024.

Liberally construed, certain of Defendant's filings contain arguments suggesting that Defendant cannot be indicted because Andre Terrell Anderson "is a trust not a (person) owned by ONDOR"[3] and that this criminal action against him violates the Foreign Sovereign Immunities Act ("FSIA") due to Defendant's status as a sovereign of "ONDOR." Doc. No. 65, at 1-3; Doc. No. 82, at 1-2.[4]

The Government, through its Motion in Limine, seeks an order prohibiting Defendant from mentioning or raising arguments during the course of trial suggesting that the Court lacks jurisdiction over him, including suggestions that Defendant is not subject to the Court's jurisdiction, that he is a sovereign citizen or entity, that he is not subject to criminal laws or the authority of law enforcement, or that he is affiliated with "ONDOR." *See* Gov't's Mot. at 5.

II. *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130

---

[3] Defendant's filings indicate that "ONDOR" is a business entity owned and operated by Defendant. *See* Doc. No. 65-1, at 1-2; Doc. No. 82-1, at 1-2.

[4] The Court previously denied Doc. No. 65 to the extent that it requested substantive relief related to the merits of this case. *See* Order of May 24, 2024 (Doc. No. 69).

(10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal quotation marks omitted). A court's in limine rulings are preliminary and subject to change as the case unfolds. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

      *III.    Discussion*

The Government contends that Defendant's jurisdictional arguments are frivolous and irrelevant under Rule 401 of the Federal Rules of Evidence. *See* Gov't's Mot. (Doc. No. 72) at 2-4. Additionally, the Government argues that mention of Defendant's jurisdictional arguments should be prohibited at trial pursuant to Rule 403 of the Federal Rules of Evidence due to the risk of confusing and misleading the jury. *See id.* at 4-5.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may, however, be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* R. 403.

Defendant's argument that he is not a person subject to the Court's jurisdiction is baseless. Defendant has been indicted for offenses against the laws of the United States, specifically for violations of 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c). *See* Indictment at 1-3. 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have

original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Mr. Anderson is accused of violating criminal statutes of the United States within the territory of the United States. Accordingly, this Court has jurisdiction over Defendant and this federal criminal proceeding, and Defendant's arguments regarding the Court's lack of jurisdiction due to Defendant's status as a trust and/or a sovereign are not a defense to the crimes charged. *See United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014) (holding that the district court had jurisdiction to try the defendant for violating a federal criminal statute and rejecting the defendant's argument that the district court lacked jurisdiction over him due to his "commercial/personhood status").

Similarly, any argument by Defendant that he has immunity from this criminal prosecution as a foreign sovereign trust under the Foreign Sovereign Immunity's Act ("FISA") is without merit. "[T]he FSIA codifies a baseline principle of immunity for foreign states and their instrumentalities." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 272 (2023) (citing 28 U.S.C. § 1604). Defendant has not shown he is a foreign state or its instrumentality and, even if he could somehow do so, "the FSIA does not grant immunity to foreign states or their instrumentalities in criminal proceedings." *Turkiye Halk Bankasi A.S.*, 598 U.S. at 272.

For the forgoing reasons, the Court concludes that statements or arguments by Defendant suggesting that his status as a trust or sovereign mean that he is not subject to the Court's jurisdiction or give him immunity from this federal prosecution are irrelevant. *See* Fed. R. Evid. 401. Further, raising these arguments at any stage of the trial carries a substantial risk of causing unfair prejudice, confusing the issues, misleading the jury,

causing undue delay, or wasting time. *See id.* R. 403; *United States v. Rivers*, No. 3:11-00194, 2013 WL 3937026, at *1 (M.D. Tenn. July 30, 2013) ("The 'sovereign citizen/natural person' language used by the Defendant in his writings and in presentations to the Court is not a defense to the charges, and is not relevant to the issues at trial. In any event, pursuant to Fed. R. Evid. 403, the probative value of such evidence is substantially outweighed by a danger of undue prejudice, confusing the issues, or misleading the jury."); *United States v. Williamson*, No. 3:21-CR-00123-RGJ, 2022 WL 16640010, at *2 (W.D. Ky. Nov. 2, 2022) ("Any argument that [the defendant] is not subject to the Court's jurisdiction because he is a natural person is irrelevant and entirely contrary the well-established law of the Sixth Circuit. Arguments that [the defendant] is not subject to the Court's jurisdiction would risk undue prejudice by confusing the issues or misleading the jury." (internal citation omitted)). The Government's Motion in Limine will therefore be granted.

## CONCLUSION

Accordingly, for the reasons discussed above, the Court GRANTS the Government's Motion in Limine (Doc. No. 72).

IT IS THEREFORE ORDERED that Defendant shall not make statements or raise arguments suggesting that his status as a trust or sovereign mean that he is not subject to the Court's jurisdiction or give him immunity from the criminal laws of the United States or the authority of local, state, or federal law enforcement.

This Order shall apply to Defendant whether he is proceeding pro se or with appointed counsel. Further, this Order shall apply to all stages of the trial, including voir

dire, opening statements, witness examinations, introduction of exhibits, and closing arguments.

IT IS SO ORDERED this 10th day of June, 2024.

_____
CHARLES B. GOODWIN
United States District Judge