## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-23-413-G** |
| | ) | |
| **ANDRE TERRELL ANDERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court are five filings submitted by Defendant Andre Terrell Anderson, proceeding pro se with attorney Lance Phillips as stand-by counsel.  *See* Doc. Nos. 82, 83, 84, 87, 88.[1]  The Government has responded to two of these filings.  *See* Doc. Nos. 85, 86.  The Court now addresses Defendant's filings to the extent that they seek substantive relief.

### I.    *Defendant's Arguments Seeking Dismissal of the Indictment*[2]

Liberally construed, Defendant's recent filings contain arguments alleging (1) that he cannot be indicted because he is a trust; (2) that he is not the person named in the Indictment (Doc. No. 5) because the person named in the Indictment is a trust; and (3) that he is not subject to or is otherwise immune from this prosecution under the Foreign

---

[1] While the filings bear Defendant's typewritten name at the bottom of the document, they do not bear Defendant's handwritten signature.

[2] Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions alleging a defect in instituting the prosecution or a defect in the indictment or information must be raised by pretrial motion.

Sovereign Immunities Act ("FSIA") due to his status as a sovereign of "ONDOR."[3]  *See* Doc. No. 82, at 1-2; Doc. No. 84, at 1; Doc. No. 87, at 1; Doc. No. 88, at 1-2.

To the extent that Defendant argues that he is not a person subject to the jurisdiction of the laws of the United States or this Court, this argument is without merit.  Defendant stated at his formal arraignment that his true and correct name is Andre Terrell Anderson, as alleged in the Indictment.  *See* Doc. No. 13.  He has also provided his birth certificate indicating that he is Andre Terrell Anderson.  *See* Doc. No. 84-1, at 1.  Defendant Andre Terrell Anderson has been indicted for offenses against the laws of the United States, specifically for violations of 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c).  *See* Indictment at 1-3.  18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  Accordingly, this Court has jurisdiction over Defendant and this federal criminal proceeding.  Defendant's arguments regarding the Court's lack of jurisdiction due to Defendant's status as a trust, trustee, and/or a sovereign are not a defense to the offenses charged and do not warrant dismissal of the Indictment.  *See United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014) (holding that the district court had jurisdiction to try the defendant for violating a federal criminal statute and rejecting the defendant's argument that the district court lacked jurisdiction over him due to his

---

[3] To be clear, the arguments contained in Defendant's filings do not suggest that some other individual committed the offenses charged in the Indictment.  As explained above, Defendant argues that "The Courts can't indict ANDRE TERRELL ANDERSON who is a trust not a (person) owned by ONDOR. . . ."  Doc. No. 82, at 1.  Defendant's filings indicate that "ONDOR" is a business entity owned and operated by Defendant.  *See* Doc. No. 82-1, at 1-2.

"commercial/personhood status").

Similarly, the Court rejects as baseless any argument by Defendant that he has immunity from this criminal prosecution as a foreign sovereign trust under the Foreign Sovereign Immunity's Act ("FISA").   "[T]he FSIA codifies a baseline principle of immunity for foreign states and their instrumentalities." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 272 (2023) (citing 28 U.S.C. § 1604).  Defendant has not shown he is a foreign state or its instrumentality and, even if he could somehow do so, "the FSIA does not grant immunity to foreign states or their instrumentalities in criminal proceedings." *Turkiye Halk Bankasi A.S.*, 598 U.S. at 272.

Having reviewed and liberally construed Defendant's filings, the Court concludes that Defendant has asserted no cognizable argument requiring dismissal of the Indictment or his release.  Accordingly, to the extent that Defendant's recent filings (Doc. Nos. 82, 83, 84, 87, 88) seek such relief, they are DENIED.

## II.     *Defendant's Arguments Regarding Self-Representation*

Defendant's recent filings also contain arguments contending that Defendant is a trust and "[a] trust cannot appear in federal court otherwise through a licensed member of the Federal bar."  Doc. No. 87, at 1; *see also* Doc. No. 83, at 1-2.  Defendant also argues that the Court cannot "force a trust to appear in federal court and force the trust to except an appointed Attorney."  Doc. No. 88, at 1-2.  Defendant states that he is entitled to "[a]n attorney of [his] choosing," Doc. No. 83, at 2, and suggests that he is being prevented from

retaining counsel, *see id.* at 1.[4]

To begin, "[T]he Sixth Amendment does not guarantee indigent defendants appointed counsel of their choice: 'The constitutional guarant[ee] to be represented by counsel does not confer upon the accused the right to compel the court to appoint such counsel as the accused may choose.  On the contrary, the selection of counsel to be appointed for an accused rests in the sound discretion of the court.'"  *United States v. Smith*, 323 F. App'x 650, 652 (10th Cir. 2009) (quoting *Tibbett v. Hand*, 294 F.2d 68, 73 (10th Cir. 1961)).

Further, as stated in the Court's Order of May 24, 2024 (Doc. No. 69), acting on Defendant's request, the Court previously held a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), in this matter.  At the hearing, the Court conducted a thorough and comprehensive formal inquiry of Defendant regarding the choice to waive his Sixth Amendment right to representation by counsel and instead represent himself in this matter. *See United States v. Hansen*, 929 F.3d 1238, 1249 (10th Cir. 2019).  The Court provided Defendant with the required advisements regarding the nature of the charges, the range of allowable punishments, possible defenses, the risks of proceeding pro se, and other relevant factors.  *See id*.  Further, during the *ex parte* portion of the *Faretta* hearing, Defendant discussed his efforts to retain counsel, his lack of success finding an attorney who would

---

[4] In his filings addressing his entitlement to counsel of his choosing, Defendant cites *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994), a civil case from the Eighth Circuit addressing whether nonlawyer purported trustees could represent trusts in federal court.  This case does not address the right to counsel afforded to criminal defendants under the Sixth Amendment of the United States Constitution.

make the arguments that Defendant desired made, and his decision to represent himself instead.  Having found that Defendant had knowingly, intelligently, and voluntarily waived his right to counsel under the Sixth Amendment, the Court granted Defendant's request to proceed pro se.  *See* Min. Entry of May 21, 2024 (Doc. No. 67); *Faretta*, 422 U.S. at 835-36.

The Court has also advised Defendant multiple times that his right to counsel is an ongoing one, and that despite his prior waiver of the right to counsel and decision to represent himself, Defendant may reconsider that decision and at any time request that an attorney be appointed to represent him.  *See* Order of May 24, 2024 (Doc. No. 69) at 4. Further, in the Court's order appointing attorney Lance Phillips to act as stand-by counsel, the Court advised Defendant that he may choose to have Mr. Phillips represent him at any time.  *See* Doc. No. 78.  Finally, at the June 5, 2024 pretrial conference, the Court advised Defendant once more regarding his right to counsel and inquired as to whether Defendant still desired to proceed pro se at the pretrial conference and at trial.  Defendant stated that he was pro se and did not desire to have an attorney represent him at the pretrial conference or at trial.  Defendant refused to answer any further questions from the Court on the subject of representation.

For the reasons stated above, any arguments by Defendant that the Government or the Court are preventing him from obtaining counsel, whether retained or appointed, are baseless and unfounded.  Defendant may advise the Court at any time, including during the course of trial, that he has retained counsel who will represent him or that he now chooses to have the Court appoint counsel.

CONCLUSION

Accordingly, for the reasons discussed above, Defendant's filings (Doc. Nos. 82, 83, 84, 87, 88) are DENIED to the extent that they seek substantive relief related to the merits of the case.

IT IS SO ORDERED this 10th day of June, 2024.

CHARLES B. GOODWIN
United States District Judge