UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-413-G |
| ) | |
| ANDRE TERRELL ANDERSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On June 14, 2024, a jury found Defendant Andre Terrell Anderson guilty of one count of interference with commerce by robbery and one count of using or carrying a firearm during and in relation to a crime of violence. Defendant was acquitted on two additional criminal counts. *See* Doc. No. 100. Sentencing in this matter has been set for November 27, 2024.

Now before the Court is Defendant's pro se Motion to Arrest Judgment (Doc. No. 104). Defendant argues that because Andre Terrell Anderson—that is, Defendant himself—is "a Trustee," "Head of a Controlled Entity," and "the secured party," Defendant was "wrongfully indicted" and is "also immune from suits" under the Foreign Sovereign Immunity Act ("FSIA"). Def.'s Mot. at 1-3. The Government has filed a Response in opposition (Doc. No. 119).

Defendant's reference to the Court arresting judgment because the Court lacks jurisdiction appears to be an invocation of Rule 34 of the Federal Rules of Criminal Procedure, which provides that "[u]pon the defendant's motion or on its own, the court

must arrest judgment if the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a). But Defendant has not shown any such lack of jurisdiction in this matter. Defendant was convicted of violating 18 U.S.C. §§ 1951(a) and 924(c)(1)(A) and thereby of having committed "offenses against the laws of the United States," over which this Court "ha[s] original jurisdiction." 18 U.S.C. § 3231.

Further, as this Court previously held, "Defendant's argument that he is not a person subject to the Court's jurisdiction is baseless" and "without merit." *United States v. Anderson*, No. CR-23-413-G, 2024 WL 2928560, at *2 (W.D. Okla. June 10, 2024); *id.*, 2024 WL 2933424, at *1 (W.D. Okla. June 10, 2024). For the same reasons detailed in the Court's prior Orders, the Court rejects Defendant's contention as to his non-person status and concludes that he has offered no basis for arresting the judgment of the Court. And, as explained on multiple occasions, Defendant is not entitled to immunity from this criminal prosecution under the FSIA. *See Anderson*, 2024 WL 2933424, at *2 ("Defendant has not shown he is a foreign state or its instrumentality and, even if he could somehow do so, 'the FSIA does not grant immunity to foreign states or their instrumentalities in criminal proceedings.'" (quoting *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 272 (2023))).[1]

Defendant's Motion to Arrest Judgment (Doc. No. 104) is DENIED.

---

[1] The Court notes that the Motion is additionally subject to being stricken because it is not personally signed by Defendant. *See* Order of May 24, 2024 (Doc. No. 69) at 3; Fed. R. Crim. P. 49(b)(4).

IT IS SO ORDERED this 27th day of November, 2024.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge