UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-413-G |
| | ) |
| ANDRE TERRELL ANDERSON, | ) |
| | ) |
| Defendant. | ) |

# ORDER

On June 14, 2024, a jury found Defendant Andre Terrell Anderson guilty of one count of interference with commerce by robbery (Count 3) and one count of using or carrying a firearm during and in relation to a crime of violence (Count 4). Defendant was acquitted on two other criminal counts. *See* Doc. No. 100. On November 27, 2024, the Court ordered Defendant to serve a total term of 72 months' imprisonment (comprising consecutive terms of 12 months for Count 3 and 60 months for Count 4). *See* J. (Doc. No. 153) at 2.

Now before the Court is Defendant's pro se Motion for New Trial (Doc. No. 144), filed November 13, 2024. The Government has filed a Response (Doc. No. 155), and Defendant has replied (Doc. No. 162).

I.   *Standard of Review*

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Because a motion for a new trial is based on the presumption that the verdict against the defendant is valid, the

burden is on the defendant" to "prov[e] the necessity of a new trial." *United States v. Velarde*, 860 F. App'x 132, 137 (10th Cir. 2021) (alterations, omission, and internal quotation marks omitted); *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000). The determination of whether to grant a new trial "is committed to the sound discretion of the district court." *Walters*, 89 F. Supp. 2d at 1213.

## II. Discussion

In his Motion, Defendant primarily challenges the circumstances of his 2023 arrest and pretrial detention, arguing that because he was being held by state authorities after the filing of the initial federal criminal complaint, "[t]he federal courts had no authority to set a trial date and detention hearing." Def.'s Mot. at 2. Liberally construed, Defendant relatedly complains that he did not receive a fair detention hearing, that the Interstate Agreement on Detainers Act was not complied with, and that his attorneys at the time failed to inform him of "[t]his violation of due process." *Id.* at 1-3.

Rule 33(b)(1) allows a motion for new trial "grounded on newly discovered evidence" to be filed within three years of a guilty verdict. Fed. R. Crim. P. 33(b)(1). A motion for new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict . . . of guilty." *Id.* R. 33(b)(2). Time limits under Rule 33 have been "strictly construed." *Herrera v. Collins*, 506 U.S. 390, 409 (1993).

Defendant's November 13, 2024 request for a new trial pursuant to Rule 33 therefore is untimely if not based upon newly discovered evidence. The Government argues that Defendant's cited evidence—i.e., the "discovery that he was in primary state custody up until his state charges . . . were dropped in November 2023" and, apparently

resultingly, that he did not receive a fair detention hearing and the Interstate Agreement on Detainers Act was violated—is not "evidence" at all and, therefore, cannot be used to invoke the three-year time limit.  Gov't's Resp. at 2.

Even assuming for purposes of this determination that Defendant's Motion is "grounded on" items of evidence, such evidence does not meet Defendant's burden to show entitlement to a new trial.  Fed. R. Crim. P. 33(b)(1).  As noted, the Court "presum[es] that the verdict against the defendant is valid."  *Velarde*, 860 F. App'x at 137 (internal quotation marks omitted).  Therefore, to prevail Defendant

> must prove: (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by his own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* (alteration and internal quotation marks omitted).  Defendant's contentions and supporting papers fail to meet these criteria.  The fact that Defendant was in primary state custody is one that would have been known by Defendant when he was in such custody—or, at minimum, any confusion on that point could have been readily clarified through the exercise of due diligence in the form of a question to counsel or the Court.  And Defendant's arguments and filings regarding pretrial events are not "of such a nature that in a new trial [they] would probably produce an acquittal."  *Velarde*, 860 F. App'x at 137 (internal quotation marks omitted).  Accordingly, to the extent Defendant's motion for new trial is grounded on a claim of newly discovered evidence, Defendant has not shown that he is entitled to a new trial.

Further, Defendant has not shown that a new trial should be granted to "prevent a

3

miscarriage of justice." *Id.* at 139. Defendant's arguments regarding state custody do not in any way speak to, much less undermine, the evidence at trial supporting the jury's finding of guilt on Count 3 and Count 4.

Finally, if the Court were to construe Defendant's arguments about primary state custody and lack of compliance with the Interstate Agreement on Detainers Act as a challenge to the Court's jurisdiction to proceed on the federal charges against Defendant, such an objection would be timely brought[1] but rejected as plainly lacking merit. *See United States v. Ray*, 899 F.3d 852, 858 & n.2 (10th Cir. 2018) (explaining that neither an arrest nor a writ of *habeas corpus ad prosequendum* is a detainer triggering application of the Act); Doc. Nos. 16, 19, 20, 25, 26.

## CONCLUSION

As outlined herein, Defendant's Motion for New Trial (Doc. No. 144) is DENIED.

The Clerk of Court is directed to supplement the preliminary appeal record in accordance with Tenth Circuit Rule 3.2(B).

IT IS SO ORDERED this 24th day of January, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] *See* Fed. R. Crim. P. 12(b)(2) ("A motion that the court lacks jurisdiction may be made at any time while the case is pending.").